Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI170005750
Transaction ID: 0005480736
Filing Date: 07/10/2017 02:13:51 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| TRAVELEX INSURANCE SERVICES, INC., a Delaware Corporation, | ) ) ) | CASE NO. _____ |
| Plaintiff, | ) ) | COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | ) ) | |
| LYNN BARTY, | ) ) | |
| Defendant. | ) ) | |

**EXHIBIT A**

COMES NOW the Plaintiff, Travelex Insurance Services, Inc., ("Travelex"), and for its Complaint against the Defendant, Lynn Barty, states and alleges as follows:

## THE PARTIES

1. Plaintiff, Travelex, is a corporation organized and existing pursuant to the laws of the State of Delaware with its principal business offices in Omaha, Douglas County, Nebraska.

2. Defendant resides at 486 Weeks Avenue, Manorville, New York 11949.

3. Travelex is engaged in the business of providing travel insurance products and services.

4. Defendant, Lynn Barty, is a former employee of Travelex who solicited and provided travel insurance products and services to customers of Travelex while transacting business in Nebraska.

## JURISDICTION AND VENUE

5. This Court has personal and subject matter jurisdiction to enjoin and award damages against Defendant for breaching her contractual obligations, violating her duty of loyalty, misappropriating corporate opportunities, tortiously interfering with existing and future

business relationships and contracts, and misappropriating trade secrets and confidential information.

6. Venue is proper in this Court pursuant to Neb. Rev. Stat. § 25-403.01(2), (3), and (4).

## FACTUAL BACKGROUND

7. Defendant was hired by Travelex as the Head of Finance under a contract that commenced on July 16, 2007.

8. On January 1, 2008, Defendant became a Regional Sales Manager for Travelex.

9. In her role as a Regional Sales Manager, Defendant reported directly to the Vice President of Sales, who is located in Omaha, Nebraska.

10. Defendant's sales territory included areas located within the State of New York where she solicited and sold travel insurance products and services by conducting transactions through Travelex's office located in Omaha, Nebraska.

11. In connection with her employment, Defendant traveled to Omaha on one or more occasions each year to attend training and to conduct other business relating to her position as Regional Sales Manager.

12. Defendant's compensation in the form of salary, commissions and bonuses were paid from Travelex's office located in Omaha, Nebraska.

13. All business produced by Defendant was transacted through Travelex's home office in Omaha, Nebraska including the issuance of all policies, descriptions of coverage, and other documents generated from the sale of insurance products and services by Defendant.

14. Additionally, issues relating to claims, coverage, and premiums relating to the business produced by Defendant were directed to and from the Omaha office.

15. When providing quotes to customers and clients, Defendant utilized an electronic system based in Omaha and obtained information relating to quotes by contacting the Omaha office.

16. Defendant worked closely with an Account Manager, located in Omaha, on a daily basis for purposes of transacting insurance business for the customers that she serviced.

17. Commissions paid to clients or customers of Travelex relating to business produced by Defendant are sent to clients or customers from the Omaha office.

18. In connection with her employment at Travelex, Defendant entered into a Confidentiality Agreement on August 2, 2007 (hereinafter the "Confidentiality Agreement").

19. Pursuant to the terms of the Confidentiality Agreement, Defendant agreed to refrain from disclosing or using the confidential information of Travelex, as follows:

> Except as authorized by Employer, Employee shall refrain from disclosing to or using on behalf of any person or entity Confidential Information procured while employed by Employer. The term "Confidential Information" as used in this Agreement includes: (a) all business and marketing plans, costs of production, profit margins, sales and pricing strategies, financial information, and other information and data belonging or pertaining to Employer that are considered confidential information and/or trade secrets under the law of State; and (b) confidential and sensitive information and trade secrets pertaining or belonging to Employer's customers to which Employee gains access in the course of working for Employer.

20. In connection with her employment at Travelex, Defendant also entered into a Confidentiality and Non-Solicitation Agreement in 2008 (hereinafter the "Non-Solicitation Agreement").

21. Defendant signed the Non-Solicitation Agreement in Omaha, Nebraska and at the time she executed the Non-Solicitation Agreement, she directly reported to Manager Greg Johnson who worked for the Company from August 1, 2007 through February 28, 2015. Mr.

Johnson was fully aware of the terms and conditions contained in the Non-Solicitation Agreement executed by Defendant.

22. Pursuant to the terms of the Non-Solicitation Agreement, Defendant again agreed to refrain from disclosing or using the confidential information of Travelex and further agreed not to solicit customers of Travelex as follows:

> For a period of one year following the termination of employment with Employer for any reason whatsoever, Employee shall refrain from directly or indirectly providing or soliciting to provide products or services which compete with those provided by Employer to any existing or prospective customer of Employer with whom Employee had personal contact and provided (or participated in a proposal to provide) products or services during the two-year period prior to termination of employment. For purposes of this Agreement, "existing customer" shall mean any person or entity that has purchased Employer's products or utilized its services during the two-year period preceding termination of employment with Employer and "prospective customer" shall mean any person or entity which had been solicited by Employer during the two-year period preceding termination of employment.

23. During her employment, Defendant benefited from advertising and marketing by Travelex and established business relationships with customers. In addition, Defendant had access to confidential information relating to customers and the business of Travelex as set forth in the Confidentiality Agreement and Non-Solicitation Agreement.

24. On or about November 16 2016, Travelex presented Defendant with a new agreement which contained non-solicitation and confidentiality provisions.

25. Defendant's continued employment was contingent upon her signing the new agreement.

26. Travelex asked Defendant to sign the new agreement on several occasions.

27. Defendant refused to sign the new agreement.

28. On or about May 31, 2017, Defendant was terminated from her employment after refusing to sign the new agreement.

29. Shortly after her termination, Defendant began working for Greg Johnson at Arch Insurance Solutions, Inc., a direct competitor of Travelex, as regional sales director.

30. Upon information and belief, Defendant utilized confidential information as defined under the Confidentiality Agreement and Non-Solicitation Agreement for purposes of engaging in acts of competition and solicitation for the benefit of Arch Insurance Solutions, Inc.

31. Upon information and belief, prior to her termination, Defendant contacted Travelex customers she had personal contact with and had done business with for purposes of engaging in acts of competition and solicitation for the benefit of Arch Insurance Solutions, Inc.

32. Upon information and belief, Defendant utilized confidential information as defined under the Confidentiality Agreement and Non-Solicitation Agreement for purposes of soliciting and contracting, directly or indirectly, with Travelex customers Defendant had personal contact with and had done business with..

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

33. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 32 as though fully set forth herein.

34. By engaging in the conduct described above, Defendant has breached and continues to breach her Confidentiality Agreement and Non-Solicitation Agreement with Travelex.

35. Defendant's conduct was willful, intentional, unprivileged, and has caused irreparable harm to the business of Travelex.

36. Travelex has fully performed its obligations under the Confidentiality Agreement and Non-Solicitation Agreement and is entitled to enforce the Confidentiality Agreement and Non-Solicitation Agreement against Defendant.

37. Travelex reminded Defendant of her post-employment obligations at the time of her termination, however Defendant has failed to comply with these obligations.

38. As a proximate result of Defendant's violation of the Confidentiality Agreement and Non-Solicitation Agreement, Travelex has sustained damages in the form of lost revenues and profits for a period of no less than one (1) year after her termination as well as damage to its business relations with clients and customers, reputation and good will.

## SECOND CLAIM FOR RELIEF

### TORTIOUS INTERFERENCE WITH BUSINESS AND CONTRACTUAL RELATIONSHIPS

39. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 38 as though fully set forth herein.

40. Travelex possesses a valid, reasonable, and tangible expectation that actual and prospective customers would contract and develop and would continue to contract and develop business relationships with Travelex.

41. Defendant had knowledge regarding the actual and prospective contractual and business relationships that existed between Travelex and its customers.

42. By engaging in the acts set forth herein, Defendant interfered and continues to interfere with the actual and prospective contractual and business relationships that existed between Travelex and its customers.

43. Defendant's interference was intentional, unjustified, and has been conducted in violation of law as alleged herein.

44. As a proximate result of Defendant's interference, Travelex has sustained irreparable harm, monetary damages and damage to its business relations with clients and customers, reputation and good will.

## THIRD CLAIM FOR RELIEF

### BREACH OF COMMON LAW DUTY OF LOYALTY

45. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 44 as though fully set forth herein.

46. As an employee of Travelex, Defendant owed a duty of loyalty to act solely for the benefit of Travelex on all matters connected to her employment. This duty required her not to utilize confidential and/or proprietary information for competitive purposes during her employment and thereafter. This duty also required Defendant not to engage in acts of solicitation or competition prior to the termination of her employment relationship with Travelex.

47. During the time she was employed at Travelex, Defendant engaged in direct competition with Travelex by soliciting the business of current customers and utilizing confidential and/or proprietary information for competitive purposes.

48. Defendant's acts of competition with Travelex and the conduct referenced herein violate her duty of loyalty.

49. As a direct and proximate result of the breach of duty of loyalty by Defendant, Travelex has sustained irreparable harm, monetary damages and damage to its business relations with clients and customers, reputation and good will.

## **FOURTH CLAIM FOR RELIEF**

### **VIOLATION OF THE NEBRASKA TRADE SECRETS ACT**

50. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 49 as though fully set forth herein.

51. The Nebraska Trade Secrets Act provides, in pertinent part, that the term "misappropriation" as defined to include:

> (b) Disclosure or use of a trade secret of another without express or implied consent by a person who: … (2) at the time of disclosure of use of a trade secret of another without express or implied consent by a person who (ii) at the time or disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was (B) acquired under circumstances given rise to a duty to maintain its secrecy while limit its use. Neb. Rev. Stat. § 87-502(d).

52. Travelex's customer and pricing information constitutes trade secrets under the Nebraska Trade Secrets Act, Neb. Rev. Stat. § 87-502(2), et seq. and common law.

53. By the above-described conduct and acts yet to be discovered, Defendant has misappropriated Travelex's trade secrets in violation of the Nebraska Trade Secrets Act and thereby gained an unfair competitive advantage that has unjustly enriched Defendant at the expense of Travelex.

54. Defendant has misappropriated and utilized Travelex's trade secrets for her own benefit without the express or implied consent of Travelex.

55. By the above-described conduct and acts yet to be discovered, the Defendant has misappropriated and threatens to continue to misappropriate Travelex's trade secrets in violation of the Nebraska Trade Secrets Act.

56. As a proximate result of the unlawful appropriation and threatened appropriation of its trade secrets by Defendant, Plaintiff has sustained irreparable harm, monetary damages and damage to its business relations with clients and customers, reputation and good will.

57. Pursuant to Neb. Rev. Stat. § 25-1062, et seq., Plaintiff is entitled to injunctive relief enjoining Defendant from utilizing, misappropriating, or disclosing the trade secrets and damages.

58. Defendant has willfully and maliciously misappropriated the trade secrets of Plaintiff and Plaintiff should be awarded attorneys' fees pursuant to Neb. Rev. Stat. § 87-502, et seq.

## PRAYER FOR RELIEF

WHEREFORE, Travelex respectfully requests that this Court:

1. Grant a preliminary and permanent injunction restraining or enjoining Defendant from engaging in the unlawful acts alleged herein and from continuing to solicit and provide services to clients of Travelex that were obtained through Defendant's unlawful acts;

2. Order an accounting of Defendant's revenue, earnings, and profits for purposes of determining damages owed to Travelex;

3. Award compensatory damages including, but not limited to, lost revenues, profits and damages to business relations with clients and customers, reputation and good will;

4. Award costs of this action and reasonable attorneys' fees; and

5. Award such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY

6. Plaintiff, Travelex, hereby demands a trial by jury in this matter.

Dated this 10th day of July, 2017.

        TRAVELEX INSURANCE SERVICES, INC.,
        Plaintiff


        By: /s/Aaron A. Clark
           Aaron A. Clark, #20045
           Ruth A. Horvatich, #24776
           McGrath North Mullin & Kratz, PC LLO
           First National Tower, Suite 3700
           1601 Dodge Street
           Omaha, Nebraska 68102
           (402) 341-3070
           (402) 341-0216 fax
           aclark@mcgrathnorth.com
           rhorvatich@mcgrathnorth.com

        ATTORNEYS FOR PLAINTIFF

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI170005750
Transaction ID: 0005480736
Filing Date: 07/10/2017 02:13:51 PM CDT

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| TRAVELEX INSURANCE SERVICES, INC., a Delaware Corporation, | ) ) ) | CASE NO. _____ |
| Plaintiff, | ) ) ) | **PRAECIPE FOR SUMMONS** |
| v. | ) ) | |
| LYNN BARTY, | ) ) | |
| Defendant. | ) | |

TO:   CLERK OF DISTRICT COURT

Please issue Summons for Service of Plaintiffs' Complaint in the above-referenced action, to be served by certified mail, upon the following Defendant:

Lynn Barty
486 Weeks Avenue
Manorville, NY 11949

Dated this 10th day of July, 2017.

                                      TRAVELEX INSURANCE SERVICES, INC., Plaintiff

                                      By:   /s/Aaron A. Clark
                                          Aaron A. Clark, #20045
                                          Ruth A. Horvatich, #24776
                                          McGrath North Mullin & Kratz, PC LLO
                                          First National Tower, Suite 3700
                                          1601 Dodge Street
                                          Omaha, Nebraska 68102
                                          (402) 341-3070
                                          (402) 341-0216 fax
                                          aclark@mcgrathnorth.com
                                          rhorvatich@mcgrathnorth.com

                                          ATTORNEYS FOR PLAINTIFF

```
Image ID:
D00464857D01
```
**SUMMONS**

Doc. No.   464857

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha          NE 68183

Travelex Insurance Services, Inc. v. Lynn Barty

Case ID: CI 17    5750

TO:  Lynn Barty

**FILED BY**
Clerk of the Douglas District Court
07/10/2017

You have been sued by the following plaintiff(s):

   Travelex Insurance Services, Inc.

Plaintiff's Attorney:   Aaron A Clark
Address:                Ste 3700 First National Tower
                        1601 Dodge Street
                        Omaha, NE 68102-1627
Telephone:              (402) 341-3070

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:  JULY 10, 2017         BY THE COURT:    *John M. Friend*
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

   Lynn Barty
   486 Weeks Avenue
   Manorville, NY 11949

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

| | | |
|---|---|---|
| | **SERVICE RETURN** | Doc. No.   464857 |

```
            Douglas District Court
                1701 Farnam
              Omaha           NE 68183
```

To:
Case ID: CI 17     5750 Travelex Insurance Services, In v. Barty

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons

upon the party:
_____

by _____

_____

_____

as required by Nebraska state law.

Service and return       $ _____

Copy                       _____

Mileage ____miles          _____

   TOTAL           $ _____

Date: _____   BY: _____
                                                 (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                      _____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

```
To: Lynn Barty                    From: Aaron A Clark
    486 Weeks Avenue                    Ste 3700 First National Tower
                                        1601 Dodge Street
    Manorville, NY 11949                Omaha, NE 68102-1627
```

**ATTACH RETURN RECEIPT & RETURN TO COURT**

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI170005750
Transaction ID: 0005519546
Filing Date: 07/18/2017 02:43:35 PM CDT

**SERVICE RETURN**

Doc. No. 464857

Douglas District Court
1701 Farnam
Omaha    NE 68183

To:
Case ID: CI 17    5750 Travelex Insurance Services, In v. Barty

Received this Summons on _____, _____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons upon the party:

by _____

_____

as required by Nebraska state law.

Service and return    $ _____

Copy              _____

Mileage ____ miles    _____

TOTAL          $ _____

Date: _____    BY: _____
                          (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Lynn Barty

At the following address: 486 Weeks Avenue, Manorville, NY 11949

on the 10th day of July, 2017, as required by Nebraska state law.

Postage $ 7.50    Attorney for: Travelex Insurance Services, Inc.

The return receipt for mailing to the party was signed on July 13, 2017.

To: Lynn Barty                From: Aaron A Clark
486 Weeks Avenue              Ste 3700 First National Tower
                              1601 Dodge Street
Manorville, NY 11949          Omaha, NE 68102-1627

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Lynn Barty
    486 Weeks Ave
    Manorville, NY 11949

    9590 9403 0512 5173 8644 56

2. Article Number (Transfer from service label)

    7015 0640 0007 0062 3564

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                        ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☒ Certified Mail®                     ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery  ☐ Return Receipt for Merchandise
☐ Collect on Delivery                 ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

Domestic Return Receipt

# Certificate of Service

I hereby certify that on Tuesday, July 18, 2017 I provided a true and correct copy of the Return Filed to the following:

Barty,Lynn, service method: No Service

Travelex Insurance Services, Inc. represented by Ruth Horvatich (Bar Number: 24776) service method: Electronic Service to rhorvatich@mcgrathnorth.com

Signature: /s/ Aaron Clark (Bar Number: 20045)