IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRAVELEX INSURANCE SERVICES, INC.<br><br>Plaintiff,<br><br>vs.<br><br>LYNN BARTY,<br><br>Defendant. | 8:17CV295<br><br>ORDER |

This matter is before the Court regarding a discovery dispute that has arisen in this matter. Specifically, Defendant argues that she cannot answer certain interrogatories or produce particular documents because she has a contractual obligation not to reveal the confidential information of her current employer, Arch Insurance Group, Inc. ("Arch"). The Court held a telephone conference with counsel for Plaintiff, Defendant, and Arch on April 5, 2018 to discuss the dispute.[1] Following the conference, counsel for the parties and Arch met and conferred regarding the discovery issues. On April 13, 2018, the Court received correspondence from Plaintiff's counsel discussing the meet and confer conference, and setting forth the parties' respective positions.

As outlined in the correspondence, Defendant continues to maintain that she is unable to provide a list of Plaintiff's current, former, and prospective customers that Defendant solicited after she left Plaintiff's employment. Defendant claims that if she produces this information, she will be in violation of a contractual agreement with Arch. The agreement, which is governed by New York law, provides, in part, that Defendant must refrain from disclosing confidential information procured while employed by Arch. However, customer lists generally do not constitute confidential information under New York law. *See Iron Mountain Information Management, Inc. v. Taddeo*, 455 F. Supp.2d 124, 138 (E.D.N.Y. 2006). Also, a list of solicited customers is readily ascertainable in this case. For ease in production, Plaintiff is willing to

---

[1] At the conference, there was also some indication that Plaintiff was withholding documents pending the entry of a protective order. Plaintiff has represented that it has now produced these items.

provide Defendant with a list of its customers with whom Defendant had contact and did business with while employed by Plaintiff. Therefore, following receipt of the customer list from Plaintiff (which will be subject to protective order), Defendant will be ordered to produce the requested customer list.[2]

Defendant also has refused to produce information and records, including emails and other documents, reflecting communications between her and Plaintiff's current, former, and prospective customers. Defendant will likewise be ordered to provide this information as Defendant has the ability to obtain these documents.[3] Additionally, Defendant will be ordered to respond to discovery related to her activities prior to her employment with Arch, which includes business conducted via her personal email or telephone accounts, as well as communications between Defendant and Arch dated up to May 31, 2017, which was Defendant's last day of employment with Plaintiff.

Accordingly,

**IT IS ORDERED** that Defendant shall provide the information outlined above within thirty (30) days of receipt of a customer list from Plaintiff.

Dated this 26th day of April, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[2] Arch also opposes production of this information. Counsel for Arch requested that the Court reserve ruling on these discovery issues pending Arch's submission of a motion to intervene and bifurcate discovery. Arch's counsel represented that the motion would be filed early the week of April 16, 2018. To date, no such motion has been filed. Therefore, the Court will proceed to rule on the discovery issues.

[3] To the extent that these documents are believed to be confidential, the Court notes that the contract contemplates possible modification of its terms by court order.