**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| TRAVELEX INSURANCE SERVICES, INC., a Delaware Corporation ) ) ) ) ) Plaintiff, ) ) v. ) ) LYNN BARTY, ) ) Defendant. ) | CASE NO. 8:17-CV-00295 **AMENDED PROTECTIVE ORDER** |

A proposed amended protective order was submitted to the Court for review. Having considered the matter,

**IT IS HEREBY ORDERED** that an amended protective order is entered as follows:

**1.     Nondisclosure of Confidential Documents**

(a)     Except with prior written consent of the party designating a document to be protected from disclosure, no document designated as CONFIDENTIAL may be disclosed to any person or entity. A party who produces material may designate it as CONFIDENTIAL only when the party in good faith believes it contains proprietary information or trade secrets, privileged information, or nonpublic technical, financial, personal or business information. A document designated as CONFIDENTIAL means any document which bears the legend "CONFIDENTIAL."

(b)     The parties and Arch may further restrict such designations for proprietary/trade secret information as "CONFIDENTIAL FOR ATTORNEY EYES

ONLY" in which case only the attorneys for the parties or Arch Insurance Group Inc. and its affiliate Arch Insurance Company ("Arch") may have copies of the documents and may not provide copies to their clients or any third party except upon order of the Court or written permission of the producing party. All documents designated as CONFIDENTIAL by Plaintiff under the previous Protective Order (Doc. No. 25) dated March 16, 2018 shall be considered designated as "CONFIDENTIAL FOR ATTORNEY EYES ONLY" with respect to Arch. Furthermore, a designation as "CONFIDENTIAL FOR ATTORNEY EYES ONLY" shall not apply to the customers identified by Defendant pursuant to the Court's Order dated May 8, 2018 (Doc. No. 36).

(c) A party receiving from another party any document that has been designated as CONFIDENTIAL may object in writing to the designation and must state the reasons for such objection with respect to each item. The parties shall then meet and confer in good faith regarding the designation. If the parties are unable to come to an agreement regarding the designation, the party challenging the designation shall be obligated to file a motion with the Court challenging such designation.

(d) This Amended Protective Order shall be without prejudice to the right of any party to: bring before the Court at any time the question of whether any information or documents are confidential; object to the production of any information or documents it reasonably considers not subject to discovery or object to their use at trial; and/or apply to or move the Court for an order compelling production of information or documents or modifying this Order.

## 2. Permissible Disclosures of Stamped Confidential Documents

Notwithstanding paragraph 1, documents designated as CONFIDENTIAL may be disclosed to:

(a)     the parties and their legal counsel in these proceedings;

(b)     partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

(c)     persons with prior knowledge of the documents designated as CONFIDENTIAL and confidential information contained therein;

(d)     experts who will be providing professional opinions based upon a review of the CONFIDENTIAL information;

(e)     court officials involved in this litigation, including court reporters;

(f)     Arch and its counsel; and.

(g)     any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

## 3. Securing Confidential Documents and Information

Counsel for the parties must keep all documents designated as CONFIDENTIAL which are received under this Order in a secure area.   Prior to receiving any CONFIDENTIAL information, any Plaintiff or person identified in Paragraph 2(d) or 2(t) shall be provided with a copy of this Order and agree to be bound by its terms, and shall certify such agreement by signing a document of the form set forth as Exhibit "A" to this Order.  Such persons provided CONFIDENTIAL information shall not duplicate or make copies and shall return all CONFIDENTIAL information to Counsel upon termination of

this litigation. Counsel making disclosure to any person described herein shall retain the original executed copy of the certificate until final resolution of this litigation.

**4.  Confidential Documents and Information in Depositions**

(a)  A deponent may during a deposition be shown and examined about documents designated as CONFIDENTIAL or confidential information contained therein only if the deponent is one of the persons or entities designated in paragraph 2 or if the provisions of paragraph 2 are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined or asked to produce documents potentially subject to this Order.

(b)  Parties (and deponents) may, within 30 days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as CONFIDENTIAL by underlining the portions of the pages that are confidential and marking such pages with the following legend: CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER. Until the expiration of the 30-day period, the entire deposition will be treated as CONFIDENTIAL pursuant to this Order. If no party or deponent timely designates information or testimony in a deposition as CONFIDENTIAL, then none of the transcript or its exhibits will be treated as material protected by this Order.

**5.  Filing**

If information or documents designated as Confidential are included in any pleading or other document to be filed with the Court, they shall be labeled "CONFIDENTIAL" and filed or otherwise submitted in accordance with the Court's rules.

Any party claiming confidentiality with respect to the information or documents may file a motion to seal the records.

**6.     Inadvertent Disclosure**

(a)     If a party, through inadvertence, produces any information or documents without labeling or marking or otherwise designating it as CONFIDENTIAL in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed confidential and should be treated as such in accordance with the provisions of this Order.  The receiving party must treat such documents and things as confidential from the date such notice is received.  Disclosure, prior to the receipt of such notice, to persons not authorized to receive confidential info1mation shall not be deemed by a violation of this Order.

(b)     If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney/client privilege or the work product privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested.  Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party.  The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving to the Court to compel production of the returned documents and/or information.

### 7. Use

(a)     Persons or entities obtaining access to documents designated as CONFIDENTIAL and confidential information contained therein under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrial), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

(b)     If another court, administrative agency, tribunal, person, or entity subpoenas or orders production of information or documents designated as CONFIDENTIAL that a party has obtained pursuant to this Order, that party shall promptly notify the producing party of the subpoena or production order.  Such notice must be provided in sufficient time to give the producing party, if possible, the opportunity to participate in quashing, modifying, or otherwise responding to any compulsory process in an appropriate and timely manner.  Upon the filing by the producing party of a motion to quash or for protective order, the subpoenaed party shall withhold production of documents during the pendency of the motion, unless required by law (or court order) not to withhold production.

### 8. Non-Termination

The provisions of this Order shall survive the termination of this action and continue in full force and effect until further order of this Court.  Within 60 days after final conclusion of all aspects of this litigation, documents designated as CONFIDENTIAL or documents containing confidential information, and all copies of same, shall be returned upon written request to the party or person that produced such documents, or, at the option of the producer, destroyed.

**9.    Modification**

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

**10.    Matters of Public Record**

This Order shall not apply to any document or materials obtained by counsel which that counsel can demonstrate:

(a)    were already a matter of public record before its receipt by discovery; or

(b)    became a matter of public record after discovery without fault, negligence or a violation of this Protective Order.

## PROTECTIVE ORDER

In accordance with the foregoing Protective Order, any information or documents designated as CONFIDENTIAL shall be subject to the provisions of this Order.

Dated May 23, 2018.

BY THE COURT:

S/ Susan M. Bazis
United States Magistrate Judge